[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REPORT OF COMMITTEE CONCERNING DEFENDANTS' DAMAGES BY PLAINTIFFS TAKING OF DEFENDANTS' PROPERTY CT Page 1003
The undersigned committee was appointed by the Court under16-266 of the General Statutes to hear this matter, was sworn in, visited the property on June 28, 1993, heard the evidence offered by the parties on June 28, 29, and 30, July 1, 2, 6 and 7, reviewed the briefs filed by the parties, discussed the matter in conference, examined the law involved and filed a report of its doings, dated September 8, 1993. Thereafter, the defendants filed a Motion to Correct the report of the Committee. The matter was heard at length by the Committee on November 8, 1993. After due examination of the issues raised by said Motion to Correct, this report was prepared by the Committee.
The defendants' property is located in Shelton and is delineated on the map, attached hereto and marked "Iroquois Gas Transmission System — Proposed Pipeline Crossing — Property of — Robert H and Jonathan — Zuckerman — County of Fairfield Connecticut — Issue Date 7-22-91 — Dwg No. 66-059.50, Rev. 2". The specific matter before the Committee is the taking of the fee by the plaintiff in the area marked "Metering Facility — 5.38 Acre Tract — — Fee Purchase" and also the taking of a permanent easement and a temporary work area by the plaintiff in the area indicated by the arrow and the drawing "Detail "A" N.T.S." and the marking "Total Length 275.2' — Total Area 0.31 Acres Perm. — 0.75 Acres Temp.". The permanent easement was taken in an area of 0.31 acres in which to lay the pipe line in question and the temporary easement for 1 year was taken in an area of 0.75 acres to use in connection with the construction of the pipeline.
The defendants' expert computed the value of the 5.38 acres of land in the Metering Facility at $325,000 an acre. He used seven comparable to determine this value. Four of these comparables were set out at — length in his report. He also claimed to rely on three comparable sales which were not detailed in his written report.
Comparable Sale No. 1 (Page 15 of Defendants' Exhibit 3) of 10.4 acres with a sale price of $384,615 per acre. There were 2 lots numbered 1 and 3 involved in this sale. Lot 1 was described in part as: "The site is at grade level with the street and the CT Page 1004 terrain slopes slightly from the street to the rear" Lot 3 is described in part as: "The grade is at street level and the parcel is flat and slightly wooded".
Comparable Sale No. 2 (Page 17 Defendants' Exhibit 3) was of 11.18 acres with a sale. price of $249,955 per acres. The land was described as consisting of two contiguous parcels at the corner of two streets. "Along both streets the grade rises sharply from the street. Along Constitution Boulevard there is a twenty to thirty foot vertical rock face. The terrain is rolling and there are rock out croppings".
Comparable Sale No. 3 (Page 19 of Defendants' Exhibit 3) was of .74 acre with a sale price of $300,000. The lot is described as being on the River Road." The grade is level with the street and the terrain is flat." The sale price computes to be $358,108 per acre.
Comparable Sale No. 4 (Page 22 of Defendants' Exhibit 3) was of 10+ acres with a sale price of $345,000 per acre. The land was described as: "The site is rectangular in shape and the grade rises from the street. At the rear portion of the site the grade rises steeply with areas of ledge. The majority of the site is flat."
The defendants' land is not flat, level with the streets or rolling. The view of the land looking east from Murphy's Lane can be seen in Defendants' Exhibit 9 and 11. The view from Old Coram Road looking east can be seen in Defendants' Exhibit 10. A view looking north across the Metering Facility can be seen in Defendants' Exhibit 10. A view looking south across the Metering Facility can be seen in Defendants' Exhibit 4. The land is obviously not flat. It is described in the U.S.D.A. Soil Conservation Service Soil Survey of Fairfield County, Connecticut Map #46 following page 6 of Defendants' Exhibit 3.
Rn Ridgeway, Leicester and Whitman extremely. strong fine sandy loams. "Slopes range from 0 to 8 percent. . ."
H r E — Hollis — Rock outcrop — Charlton Complex "15 to 45 percent slopes."
C v C — Charlton — Hollis "fine sandy loams; very rocky 3 to 15 percent slopes."
H p C — Hollis — Charlton — Rock outcrop complex "3 to 15 CT Page 1005 percent slopes."
No map is available showing elevations of the land in question. However, it is apparent from the pictures of the area that the land is not flat or level. Consequently, the Committee finds that it cannot accept the value of $325,000 an acre put on the land by the defendants.
The Committee finds that the value of the land concerned is $75,000 an acre.
Thus the entire parcel of 14.11 acres of the defendants' property times $75,000 = $1,058,250.
14.11 acres minus 5.38 acres (in the metering facility) acres
8.73 acres x $75,000 = $654,750.
$1,058,250 — $654,750 = $403,500 which is the value of the 5.38 acres taken for the metering facility.
The permanent easement according to Joint Exhibit A is .31 of an acre. An acre has been computed to have a value of $75,000. .31 of $75,000 is $23,250. But that would be for the fee, and an easement was taken for the .31 of an acre. 90 percent of the $23,250 would be a fair value of the easement. That amounts to $20,925.
The temporary easement taken by the plaintiff is .75 of an acre. That equals $56,250. But the easement was taken for only 1 year. 10 percent of the $56,250 should be a fair value for that easement. That would be $5,625.
The committee notes that the plaintiffs' pipeline and the metering facility would be only a few feet from the house Murphy's Lane. The presence of the pipeline and these facilities would cause some diminution in the value of the property. A fair amount for this diminution in value would be $15,000.
The damages thus sustained by the defendants are follows:
 5.38 acres for the Metering Facility $ 403,500 The permanent easement for the pipe line 20,925 CT Page 1006 The 1 year temporary easement 5,625 Diminution of value of house at 2 15,000 -------- Murphy's Lane $445,050
The committee reports to the Court that the damages sustained by the defendants by the above described actions of the plaintiffs totals $445,050.
The Committee's report dated September 8, 1993 is withdrawn and this report is filed in its place.
LESTER AARONSON
THOMAS J. O'SULLIVAN
JOHN REYNOLDS
[EDITORS' NOTE: THE MAP IS ELECTRONICALLY NON-TRANSFERRABLE.]